UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAWANNA AND ANTHONY WARE, on behalf of themselves and all others similarly situated, | )<br>)<br>) Case No. 18-cv-886 |
| Plaintiffs, | ) Judge Sharon Johnson Coleman |
| v. | ) |
| SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., BEST BUY STORES, L.P. (d/b/a Best Buy, Geek Squad, and Magnolia Home Theater) and BEST BUY CO. INC., (d/b/a Geek Squad and Magnolia Home Theater), | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs, Tawanna and Anthony Ware, brought this action arising from their purchase of a defective television against defendants Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., Best Buy Stores, L.P., and Best Buy Co. Inc. As is relevant here, the plaintiffs allege that Best Buy Stores, L.P. ("Best Buy") has violated the Magnuson-Moss Warranty Act through its Geek Squad Protection Plan service package. Best Buy now moves to dismiss the portion of the complaint against it for failure to state a claim. For the reasons set forth herein that motion is granted.

**Background**

The following facts are taken from the Wares' complaint and supporting documents and are accepted as true for the purpose of the present motion. On June 8, 2013, the Wares purchased a sixty-four-inch Samsung 3-D plasma television from a Magnolia Home Theater location in a Chicago, Illinois Best Buy store. They also purchased a five-year Geek Squad Protection Plan ("the plan"). Best Buy sells Geek Squad Protection Plans to consumers for coverage of consumer

1

products. Such plans are serviced through Best Buy's Geek Squad service or other authorized service providers.

At the time of their purchase, Best Buy's employees represented to the Wares that the plan was a "warranty" and that, if there were any issues, Best Buy would replace the TV or refund the Wares money. Within a few months of their purchase, however, the Wares' TV began to suffer from repeated problems. In May 2017, one of these problems rendered the TV unrepairable due to the unavailability of replacement parts.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must assert factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

**Discussion**

The plaintiffs' complaint alleges that the Geek Squad Protection Plan violates the requirements of the Magnuson-Moss Warranty Act. Best Buy challenges the Magnuson-Moss Act's applicability to the Geek Squad Protection Plan based on the Act's definition of "warranty." Under the Magnuson-Moss Act, a written warranty is defined as:

> (A) any written affirmation of fact or written promise made in
> connection with the sale of a consumer product by a supplier to a
> buyer which relates to the nature of the material or workmanship and
> affirms or promises that such material or workmanship is defect free

>    or will meet a specified level of performance over a specified period of time, or
>
>    (B) any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, repair, replace, or take other remedial action with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking,
>
>    which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.

15 U.S.C. § 2301(6). The Act separately defines "service contract" as "a contract in writing to perform, over a fixed period of time or for a specified duration, services relating to the maintenance or repair (or both) of a consumer product." 15 U.S.C. § 2301(8).

One distinction between these definitions is whether the agreement in question is a separate agreement, as in the case of a service contract, or a part of the basis of the bargain between the seller and the buyer of the underlying product. The Magnuson Moss Act's interpreting regulations further clarify that a written warranty "must be conveyed at the time of sale of the consumer product and the consumer must not give any consideration beyond the purchase price of the consumer product in order to benefit from the agreement." 16 C.F.R. § 700.11(b).[1] A service contract, by contrast, "calls for some consideration in addition to the purchase price of the consumer product" or "is entered into at some date after the purchase of the consumer product to which it applies." 16 C.F.R. § 700.11(c).

Here, the Geek Squad Service Package was not part of the purchase contract for the Wares' television. The Wares complaint expressly admits that their television cost $3,119.00, and that they separately purchased the five year Geek Squad Protection Plan for an addition $519.00. The Wares

---

[1] The Wares, in a footnote, assert that 16 C.F.R. § 700.11(c) was not codified until 2015, after they purchased their television. Identical interpretations, however, have been published in the Federal Register since 1977, and the Wares have failed to establish legal support for any conflicting interpretations of the statutory language.

also allege that Best Buy "sells GSPPs to consumers for coverage of commercial products." On these facts, it is clear that the Geek Squad Service Package constituted a service contract and not a warranty. Although it is true that the Wares purchased the Geek Squad Protection Plan at the same time as their television and as part of a "bundle" for purposes of a discount, it is undisputed that they paid for it separately and had the option not to pay for it. The Wares' supplemental exhibits, moreover, show that the Geek Squad Protection Plan is sold as a separate item from televisions on Best Buy's website and that, on their receipt, the Geek Squad Protection Plan was listed as a separate item from their television, further establishing that it was not part of the same bargain as the television purchase. Accordingly, it cannot be considered part of the "basis of their bargain" to purchase a television.

In responding to this argument, the Wares assert that Best Buy repeatedly characterized the Geek Squad Protection Plan as a warranty. That might well be the case, but it is irrelevant to this Court's determination of whether the Geek Squad Protection Plan satisfies the express statutory definition of the term "warranty" for the purpose of the Magnuson Moss Act. *See Touche v. Best Buy Stores, LP*, Case No. 1:17cv259-RH/GRJ (N.D. Fla. Feb. 13, 2018) (reaching the same conclusion in an identical case).

The Wares further assert that the Geek Squad Protection Plan was "part of the basis of the bargain" because it was purchased as part of a "bundle" that earned them a price reduction. The fact that the Wares were offered a discounted price for a consolidated purchase, however, is not indicative of whether their television purchase and their purchase of the Geek Squad Protection Plan were part of the same bargain. 16 C.F.R. § 700.11(b). To the contrary, the Wares' repeated allegations that they paid separate amounts for the "bundled" television and Geek Squad Protection Plan purchases clearly indicate that the Geek Squad Protection Plan was not a part of the "bargain" for the television's purchase, even if an overall discount was offered. The Wares, tellingly, have

4

offered no authority establishing that "bundled" purchases are part of the same bargain for purposes of the Magnuson Moss Act or its interpreting regulations, and this Court therefore rejects their arguments based on that conclusory and unsupported premise.

The Geek Squad Protection Plan, moreover, is not limited to matters of materials or workmanship, but instead covers failures caused by wear and tear, dust and other environmental conditions, power fluctuations, or failed pixels, addresses a wide variety of potentially covered products, and provides for limited preventative maintenance. In light of these provisions, it is abundantly clear, that the Geek Squad Protection Plan is best characterized as requiring the performance of maintenance and repair services rather than guaranteeing the material and workmanship of the Wares' television. *Compare* 15 U.S.C. § 2301(8) (defining a service contract as an agreement to perform "services relating to the maintenance or repair (or both) of a consumer product") *with* 15 U.S.C. § 2301(6) (defining a warranty as an affirmation relating to the "nature of the material or workmanship" or a promise of repair in the event a product "fails to meet the specifications set forth").

The Wares' cause of action against Best Buy requires the existence of a warranty. 15 U.S.C. § 2310(d)(1); 15 U.S.C. § 2303(a); 15 U.S.C. § 2304(a)(4). The Wares have failed to adequately allege the existence of a warranty, and therefore have failed to state a claim against Best Buy.

**Conclusion**

For the foregoing reasons, Best Buy's motion to dismiss [39] and renewed motion to dismiss [95] are granted and the Wares claims against Best Buy Stores, L.P. are dismissed.

Date: 1/31/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge