## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| TAWANNA AND ANTHONY WARE, on behalf of themselves and all others similarly situated, | ) ) ) | Case No. 18-cv-886 |
| | ) | |
| Plaintiffs, | ) ) | Judge Sharon Johnson Coleman |
| | ) | |
| v. | ) ) | |
| | ) | |
| SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., BEST BUY STORES, L.P. (d/b/a Best Buy, Geek Squad, and Magnolia Home Theater) and BEST BUY CO. INC., (d/b/a Geek Squad and Magnolia Home Theater), | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiffs, Tawanna and Anthony Ware, brought this action arising from their purchase of a television against defendants Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., Best Buy Stores, L.P., and Best Buy Co. Inc. As is relevant here, the plaintiffs allege that Samsung Electronics America and Samsung Electronics Co., Ltd. have violated the Illinois Consumer Fraud and Deceptive Business Practices Act, and have been unjustly enriched at the Wares' expense. Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (hereinafter "Samsung") move this Court to dismiss the claims against them for failure to state a claim. For the reasons set forth below, that motion [100] is granted and counts II-V of the Wares' amended complaint are dismissed without prejudice.

## Background

The following allegations are taken from the Wares' complaint and supporting documents and are accepted as true for the purpose of the present motion. On June 8, 2013, the Wares purchased a sixty-four-inch Samsung 3-D plasma television from a Magnolia Home Theater location

in a Chicago, Illinois Best Buy store. The Wares subsequently moved to North Carolina. In late 2014, Samsung stopped manufacturing plasma televisions and allegedly stopped inventorying parts to repair the plasma televisions it had previously sold. In May 2017, the Ware's TV failed and required replacement parts. Best Buy informed the Wares that parts were not available to fix their television. As a result, the Wares acquired a new television. A consumer survey conducted in 2014 indicates that consumers expect to own their television for 7.4 years.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must assert factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 365 (7th Cir. 2018).

**Discussion**

The plaintiffs' complaint alleges that Samsung violated the Illinois Consumer Fraud Act by selling televisions without adequate product life cycle management procedures in place and by selling televisions without maintaining adequate parts to service or repair those televisions for a reasonable period of time.

In order to state an Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) claim based on unfair acts or practices, a plaintiff must allege: (1) the existence of a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the

deceptive or unfair practice; (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce; and (4) that the deceptive or unfair practice was the proximate cause of the plaintiff's injury. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 639 (7th Cir. 2014). Samsung contends that the Wares have not adequately alleged an unfair business practice. Conduct is unfair under ICFA if it violates public policy, is so oppressive that the consumer has little choice but to submit, and causes consumers substantial injury. *Siegel v. Shell Oil Co.* 612 F.3d 932, 935 (7th Cir. 2010).

Samsung first asserts that the Wares have failed to identify a public policy that their conduct violates. As the Wares concede, a practice offends public policy if it violates a standard of conduct contained in an existing statute or common law doctrine that typically applies to such a situation or otherwise falls within "the penumbra of some established concept of unfairness." *Ekl v. Knecht*, 223 Ill.App.3d 234, 242, 585 N.E.2d 156 (1991); *ABC Business Forms, Inc. v. Pridamor, Inc.*, No. 09 C 3222, 2009 WL 4679477, at *1 (N.D. Ill. Dec. 1, 2009) (Guzman, J.).

Conclusory assertions of "industry norm" aside, however, the Wares have not alleged that the failure to stock replacement parts for consumer electronics violates an established concept of fairness. Nor have the Wares identified any standard of conduct contained within Illinois' statutes or common law that would have required Samsung to maintain a stock of replacement parts. The sole public policy that the Wares point to in support of their position is a California statute, which is irrelevant to establishing a public policy in Illinois. *See generally Cal. Civ. Code* § 1793.03(b). Accordingly, the Wares have failed to adequately allege that Samsung's actions violated public policy.

Samsung also asserts that the Wares have not adequately alleged conduct that is so oppressive that the consumer has no reasonable choice but to submit. Conduct is oppressive only if it "imposes a lack of meaningful choice or an unreasonable burden" on its target. *Centerline Equipment Corp. v. Banner Personnel Service, Inc.*, 545 F. Supp. 2d 768, 780 (N.D. Ill. 2008). Here, the

Wares assert that Samsung's conduct was oppressive because, at the time of the sale, Samsung knew that it would not have replacement parts available but the Wares had no way to know this. As an initial matter, this argument is not supported by the Wares factual allegations, which contain nothing alleging that Samsung knew there would be a shortage of replacement parts at the time that the Wares purchased their television. Even if such an information disparity existed, moreover, the Wares have pointed to no caselaw establishing that such a situation would be "oppressive" within the meaning of ICFA.

The Wares' assertion that they were deprived of meaningful choice because they were forced to buy a new television is similarly unavailing. The Wares allege only that Samsung did not stock sufficient replacement parts and that Best Buy stated that it did not have replacement parts. The Wares have not alleged that replacement parts were unavailable in the marketplace or that the repair of their television was rendered impossible and thus have failed to demonstrate that they were in fact left without meaningful choices. The Wares, moreover, have failed to establish that being unable to repair a product constitutes oppression within the meaning of ICFA. The Court therefore finds that the Wares have failed to state an ICFA claim. The Court accordingly need not consider the defendants' arguments concerning the territorial scope of the ICFA statute.

The Wares alternatively allege that Samsung was unjustly enriched by its actions. In order to state a claim for unjust enrichment, a plaintiff must allege that the defendant unjustly retained a benefit to the plaintiff's detriment and that the retention of the benefit violates justice, equity, and good conscience. *Siegel*, 612 F.3d at 937. Unjust enrichment, however, is not an independent cause of action. *Id.* "Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct." *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.*, 137 Ill. App. 3d 84, 90–91, 484 N.E.2d 349 (1985). When claims under ICFA are dismissed,

corresponding claims of unjust enrichment based on the same allegedly fraudulent conduct must be dismissed as well. *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 447 (7th Cir. 2011).

Finally, Samsung contends that the Wares should be precluded from amending their complaint and that this case should be dismissed with prejudice. Samsung's argument, however, is based on prior iterations of this case that were filed in Florida. Here, the plaintiff has only filed two complaints in this action, and only one of those has been considered by this Court. The Court accordingly declines to dismiss with prejudice at this juncture, although in light of the history of this case any motion for leave to amend will be subject to close scrutiny.

**Conclusion**

For the foregoing reasons, Samsung's motion to dismiss [100] is granted and Counts II-V of the Wares complaint are dismissed without prejudice.

Date: 6/3/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge