IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAWANNA AND ANTHONY WARE on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICAS, INC., ET AL.,<br><br>Defendants. | Case No. 18-cv-00886<br><br>Judge Mary M. Rowland |

# MEMORANDUM OPINION AND ORDER

Plaintiffs Tawanna and Anthony Ware ("the Wares") filed a class action suit against Samsung Electronics America, Inc. and Samsung Electronics Co. ("Samsung") alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* and claims of unjust enrichment. Before this Court is Defendants' motion to dismiss Plaintiffs' Corrected Second Amended Class Action Complaint ("CSA Complaint"). For the following reasons, Defendants' motion is granted.

## BACKGROUND

The following facts are taken from the Wares' CSA Complaint and are accepted as true for the purpose of the present motion. On June 8, 2013, the Wares purchased a Samsung plasma television at a Best Buy store in Chicago, Illinois. (Dkt. 134-1 at ¶18.) They also purchased a five-year Best Buy warranty plan for

their television because Samsung only provided a one-year warranty. (*Id.* at ¶¶8; 18.) In late 2014, Samsung stopped manufacturing plasma televisions and stopped inventorying parts to repair the plasma televisions it had previously made and sold. (*Id.* at ¶24-25.) In May 2017, 4 years after purchasing the television, while the Wares resided in North Carolina, the Ware's television failed and required replacement parts. (*Id.* at ¶18; Ex. B.) Best Buy informed the Wares that the Samsung original equipment manufacturer (OEM) parts necessary to fix their television were no longer available. (*Id.* at ¶¶4; 26.) As a result, the Wares were unable to repair their plasma television. (*Id.* at ¶4.) The average lifespan of a television is 7.4 years. (*Id.* at ¶29.)

The Wares filed a class action lawsuit alleging that Samsung violated the Illinois Consumer Fraud and Deceptive Business Practices Act (the "IFCA") (Counts II and IV) and was unjustly enriched by purchasers of its Samsung plasma televisions (Counts III and V).[1] On June 3, 2019, the Court dismissed the First Amended Class Action Complaint against Samsung without prejudice. (Dkt. 124.) Plaintiffs subsequently filed the CSA Complaint presently at issue.

## LEGAL STANDARDS

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to

---

[1] Count I of the Wares' original complaint alleged a claim against Best Buy. That claim was previously dismissed.

relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortress Grand Corp. v. Warner Bros. Entm't Inc.*, 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

## ANALYSIS

### I. Plaintiffs' ICFA Claims (Counts II and IV)

#### Unfair Conduct

To state a claim under the ICFA, the Wares must show: "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) (quotations omitted). The Wares allege that Samsung acted unfairly[2] when it sold plasma televisions without

---

[2] Because the Wares allege that Samsung engaged in unfair rather than fraudulent or deceptive conduct, their allegations need only meet the notice pleading standard of Rule 8. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008); *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018).

3

adequate product life cycle management procedures in place and without maintaining adequate parts to service or repair those televisions for a reasonable period of time. (Dkt. 134-1 at ¶¶76; 95.) Samsung contends that this conduct is not unfair within the meaning of the ICFA.

Courts consider three factors in determining whether conduct is unfair as proscribed by the ICFA: "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; or (3) whether it causes substantial injury to consumers." *Newman v. Metro. Life Ins. Co.*, 885 F.3d 992, 1002 (7th Cir. 2018) (quotations omitted). All three factors need not be satisfied— "[a] significant showing that any of the three factors is met is enough; so too are facts that, to a lesser degree, satisfy all three." *Id.* Even under Rule 8's liberal pleading standards, bare allegations that Samsung's conduct violates public policy or is oppressive are insufficient—the Wares must "describe how the unfair practice is oppressive or violates public policy," otherwise, their "complaint fails to state a cause of action" under the ICFA. *Boone v. MB Fin. Bank, N.A.*, 375 F. Supp. 3d 987, 996 (N.D. Ill. 2019).

Samsung first asserts that the Wares fail to identify a public policy that their conduct violates. A practice offends public policy "if it violates a standard of conduct set out by an existing [Illinois] statute or common law doctrine that typically governs such situations." *W. Ry. Devices Corp. v. Lusida Rubber Prod., Inc.*, No. 06 C 0052, 2006 WL 1697119, at *4 (N.D. Ill. June 13, 2006); *Kremers v. Coca-Cola Co.*, 712 F. Supp. 2d 759, 772 (S.D. Ill. 2010). This Court previously found that the

4

Wares' "[c]onclusory assertions of industry norm" and invocation of a California statute in paragraphs 122 and 141 of their previous complaint failed to adequately allege that Samsung violated Illinois public policy. (Dkt. 124 at 3; *see also* Dkt. 94 at ¶¶122; 141.) Inexplicably, the Wares reallege verbatim the same insufficient language in their CSA Complaint with no additional description of how Samsung violated Illinois public policy. (*See* Dkt. 134-1 at ¶¶80; 99.) While they assert in their opposition brief that Samsung violated various Illinois statutes, proposed legislation and common law principles, the Wares fail to allege this in their CSA Complaint. These additional assertions are unavailing because the Wares may not amend their complaint with statements made in their opposition brief. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). The CSA Complaint fails to allege that Samsung violated Illinois public policy for the same reasons this Court expressed previously. (Dkt. 124 at 3).

Samsung next argues that the Wares have failed to adequately allege that its conduct was oppressive.[3] Conduct is oppressive if it "imposes a lack of meaningful choice or an unreasonable burden on its target." *Centerline Equip. Corp. v. Banner Pers. Serv., Inc.*, 545 F. Supp. 2d 768, 780 (N.D. Ill. 2008). This Court previously concluded that the Wares' allegation that Samsung did not stock sufficient replacement parts to service its plasma televisions, despite knowing that these televisions would require repair, was insufficient to establish oppressive conduct. (Dkt. 124 at 4.) The Wares now allege that Samsung sold plasma televisions, (1)

---

[3] The Wares do not allege Samsung's conduct was immoral, unethical or unscrupulous.

5

knowing they were likely to need repair beyond the first year of use (Dkt. 134-1 at ¶¶3; 32; 78; 97) and (2) with no intention of providing the OEM parts necessary to service or repair such televisions beyond the first year of use (*id.* at ¶8; 10). Taking these allegations as true and drawing all permissible inferences in Plaintiffs' favor, they are still not sufficient to establish *prima facie* oppressive conduct. The Wares argue that Samsung's conduct was oppressive because Samsung's failure to provide replacement parts for its plasma televisions deprived the Wares of the "meaningful choice" of repairing their plasma television in May 2017. (Dkt. 134-1 at ¶¶4; 11.) As Samsung points out, however, because the Wares allege that Samsung's unfair conduct was the sale of plasma televisions in 2013 with no intention to provide repair parts, rather than the failure to provide repair parts in 2017, the fact that the Wares were deprived of a meaningful choice in 2017 is irrelevant. (*See* Dkt. 134-1 at ¶¶76; 95.) To establish a violation of the ICFA, the Wares must have been denied a meaningful choice at the time of sale. The Wares have not made any such allegation.

Furthermore, as the Court previously held, the Wares failed to establish that "being unable to repair a product constitutes oppression within the meaning of ICFA." (Dkt. 124 at 4). That has not changed. *See e.g., Centerline Equip. Corp. v. Banner Pers. Serv., Inc.*, 545 F. Supp. 2d 768, 780 (N.D. Ill. 2008) (where conduct is oppressive if it "imposes a lack of meaningful choice or an unreasonable burden on its target" holding that sending unwanted fax "deprives consumer of choice

6

[because] they cannot avoid such faxes"). The Wares have failed to plausibly allege that Samsung's conduct was oppressive.

Since the Wares do not adequately allege that Samsung violated public policy or engaged in oppressive conduct,[4] the Wares have failed to state a plausible claim under the ICFA. Count II and IV are dismissed with prejudice.[5]

## II. Plaintiffs' Unjust Enrichment Claims (Counts III and V)

Samsung moves to dismiss the Wares' unjust enrichment claims that are predicated on the same underlying conduct that supports their ICFA claims. Because this Court concludes that the Wares' ICFA claims do not survive, the unjust enrichment claims also fail. *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ("[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim.") (interpreting Illinois law). Counts III and V of Plaintiffs' CSA Complaint are dismissed with prejudice.

---

[4] The parties make no arguments as to whether the Wares have adequately alleged substantial injury. Samsung does note that Plaintiffs received "comparable" value from Best Buy and used the store credit to purchase a replacement television (albeit not plasma) and an iRobot Roomba vacuum cleaner. (Dkt. 127-1 at 7, n. 3). Mr. Ware also joined a class action against Samsung pending in Florida district court, *Howe v. Samsung Elecs. Am. Inc,* 16-cv-386 (N.D. Fla.).

[5] Because the Court finds that the Wares have failed to state a claim, it need not reach Samsung's challenge to Plaintiffs' standing. (Dkt. 127-1 at 8-9).

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Counts II through V of Plaintiffs' CSA Complaint is granted.

E N T E R:

Dated: March 20, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge